Maybe just quickly a sound test, because we've had this go wrong one other way, too. Could I just get a statement of appearance by appellant's counsel? Paul Ross for the district. Okay, perfect. And opposing counsel, you could hear that okay? I could, yes. My name is Jeffrey Kaufman. Hello. Great. And I'm understanding that appellant's counsel could hear opposing counsel as well. Is that right? Great. Okay, these were not intended to be difficult questions. I didn't mean to throw you off, but we're ready to hear your argument whenever you're ready to begin. Thank you, Your Honor. Paul Ross, Idaho Bankruptcy Law for the debtors Robert and Brenda Gould. May it please the court and counsel. Thank you for permitting the parties to appear virtually in this fashion. I can speak for both of us. I believe that this is a substantial cost savings both to our clients and to us. And unfortunately, I've had a bit of a cold, so I don't know if I've been permitted in the courthouse today. So thank you for allowing us to appear in this fashion. I also recognize that bankruptcy is a foreign world for many people, and I appreciate your preparation and becoming fluent in these issues. The court has asked the parties in docket number 35, whether the district court's decision is final for appellate jurisdiction purposes and citing the parties to In re Merino and In re Guglielmo. Both of these cases rely on the circuit's 2015 In re Landmark Fence Co case, which sites and relies heavily on the US Supreme Court's 2015 Bullard versus Blue Hills Bank. The appellate jurisdiction argument, I believe is more nuanced than referenced in Merino or in Guglielmo. This is an appeal from the district court in its appellate capacity and this court pursuant to its precedent in In re Reigns, that's 428 F-3rd 893 of 2005, must find quote, the bankruptcy court order and the decision of the district court acting in its bankruptcy appellate capacity are both final orders, close quote. That is on page 901. And this court also in In re Bonham, that is 229 F-3rd 750 from 2000 may quote, review de novo, the district court's ruling that a bankruptcy court's decision is not an appealable final order, unquote, from page 761. I believe the reverse is true and that this court may review de novo whether the district court found it had an appealable final order on which to base its decision. As the court is likely aware, the district court made no findings whatsoever that it had appellate jurisdiction over the matter. Martinez. Counsel. Counsel. Would it be possible for the district court to have had jurisdiction over the bankruptcy order, but us not to have jurisdiction over the district court's order? Yes, I believe that is a potential option as well. And do you think that's the case here? I do not believe that the district court had jurisdiction, appellate jurisdiction over this non-final order. So you don't think we should reach the second question about whether we have jurisdiction or not? I don't believe, the problem is that the district court has now entered a memorandum decision and order. And so that decision I believe is appealable, but the underlying order granting the attorney fees, the compensation is not. All right, so let me ask it another way. Let's assume we disagree with you and think that the district court had jurisdiction. Then what's your answer to whether we have jurisdiction? Is it the same that you just gave that you think we do have jurisdiction? Yes, and I'll talk to, so the Martinez case, as cited in the reply in Forestry Center, talks about the duty of the court to ask this question. And Landmark Fence has an exception that is expressly spelled out in it that basically says that if it's a, quote, if it's a purely mechanical or computational task, such that the proceedings on remand are highly unlikely to generate a new appeal, unquote, that this court could have jurisdiction through that exception because the court, the district court did not remand it for additional fact-finding. It was basically for the court to take a mechanical approach and reduce the fee application by the amount to not cause the percentage to violate the Best Interest Accreditors Test. But didn't the district court order remand it to the bankruptcy court to determine whether it's appropriate to modify the plan? I mean, that language seems to suggest it's more than just purely mechanical, more than mechanical task. So the district court found that there was a modification of the plan, and in essence, that the Best Interest Accreditors Test was violated, so the 3.1 amount was not appropriate. So I don't believe that the bankruptcy court has anything to do in regards to a modification. It's gonna find that there was a modification and needs to reduce the fee application award by $457.26 so that it does not violate the Best Interest Accreditors Test. Right, but that's the same thing as saying, to follow up on Judge Lee's question, I think that's the same thing as saying that the court directed the bankruptcy court to exercise its discretion to consider whether it should modify the plan, you know, award a smaller amount in order to avoid modifying the plan by triggering the rule, isn't it? So I don't necessarily think it would award a lesser amount. It would remove, in essence, the $457.26 so that it was not paid as a priority under the current plan, and that if additional funds came in, that those would be paid. So it's not reducing the fee out, it's simply putting a portion of it contingent on other monies coming into the plan for payment at that time. That's one option, but Judge Lee's question is, was asking whether or not the remand was something more than just mechanics. Wasn't there a question there about directing the bankruptcy court to exercise its discretion to determine whether to go forward with a modification? I concede your point that the court indicated what was already accomplished effectuated a modification,  I suppose the court could exercise some discretion and find still again that there wasn't a modification or that there was a modification and allowing the fee in some other form, but I don't believe there was that latitude in the district court's decision. I missed the last thing you said, sorry. You don't believe what? I don't believe that there was that degree of latitude in the district court decision. All right, thank you for that response. To follow up on that, that would make more sense if the district court's order had remanded and directed the bankruptcy court to do a specific thing, right? Enter to say that this is the outcome of the best interest creditors test and then enter that amount and go forward, but that's not what the district court did. The district court, I mean, I guess this is sort of to ask the same question in a different way, but the district court remanded for the bankruptcy court to take further action, not to enter a specific answer. Into the question. So the district court decision found the 3.1% amount, which in my mind doesn't allow for many options. It's simply reducing that fee application by that amount and making contingent on other funds coming into the estate. Isn't the question here though, whether the attorney fees need to be factored in to the best interest of creditors test or not? And in this chapter seven hypothetical. And so if that's true, wouldn't the district court, or I'm sorry, wouldn't the bankruptcy court on remand be allowed to consider that question of, because my understanding of the record and my read of what the bankruptcy court said, I have no idea if the bankruptcy court included that as part of the hypothetical or not. So the district court quotes some of the circuit cases, which referenced the effective date of the plan being the petition date, as opposed to the confirmation date. And so based on those references to the 10th circuit, particularly the Dewey case, I think it would be hard pressed to find that the fees are somehow allowed at a later time. I think that's the struggle and the reference to 10th circuit case law and contrary to the ninth circuit and the US Supreme Court is where we're gonna end up. I don't think the bankruptcy court has that power based on the referencing 10th circuit case law. Would you agree with me that there is no express statement from the bankruptcy court that it was, I mean, we have to make an inference from the cases that have been cited? I'm not sure I follow the question. I apologize. If I understand what your response just was is that we can understand what the bankruptcy court was doing with regard to inclusion or not of the fees in the test based on the cases that it cited. And my question to that is, well, we have to make an inference, don't we? Because the bankruptcy court didn't actually tell us what it was doing with the fees in terms of inclusion in the test or not. I don't recall exactly what the bankruptcy court said at this point, but the court didn't find a modification. And I believe that the fees were simply just another claim in the plan and that under the best interest creditors test that they would be paid priority status pursuant to the typical priority statuses. What is your best understanding? The question of whether or not there's... Forgive me, I didn't mean to interrupt you. Go right ahead. No, you're fine. Go ahead. What's your best understanding of the rationale the bankruptcy court relied on regarding modification? So basically that a fee application is another claim being added to the creditor's pool. And as such, that there is no need for modification. It's simply another claim, like a 1305 claim or something else that there's another claim simply being added to the creditor's pool and that there isn't a cap. And so as such, there was no violation of the best interest creditors test because there was no modification. That's your understanding of the rationale the district court relied upon? Oh, no, not of the bankruptcy court. The district court... Okay, I've now confused you. I intended to ask, and I think you answered, what your understanding is of the rationale that the bankruptcy court relied upon.  Yeah, okay, thank you. I'd like to keep the results of the question and reserve my time for rebuttal, if I may. It looks like there's no other questions. That's fine. You've got about three and a half minutes when you come back. We'll hear from opposing counsel. Thank you. May it please the court, my name is Jeffrey Coffin. I represent the trustee in this matter. I'd like to first touch upon the jurisdiction issue and whether or not you, the Ninth Circuit, has jurisdiction here, the district court. And I kind of agree with Mr. Ross in the sense that the district court directed the, well, found that there was a modification. And essentially, I think the bankruptcy court down below modified the plan by awarding the fees to Mr. Ross. And the district court said that, in substance, that is a modification, and a modification must pass 1325A-4. And because we kind of know what the amounts are and we can do the math, the district court essentially remanded the case to the bankruptcy court to essentially enter a modification order or an order that awards the fees to Mr. Ross, but does not violate 1325A-4 and essentially reduce the payments to Mr. Ross. Okay, hold on, hold on, right there, right there. That's the part that I think we were trying to get at, or two of us were earlier. Was there discretion there to the bankruptcy court and would the bankruptcy court have had the discretion to award a lesser amount in order to avoid violating the best interest rule? Did the bankruptcy court have the jurisdiction to award lesser amount? The discretion, sir. Was the bankruptcy court left with the discretion to order a lesser amount on remand to avoid violating the best interest rule? And avoid modifying the plan. Versus whether it was just directed to do so. And I think, in essence, the bankruptcy court could go back upon remand, and based upon his prior ruling, essentially reduce the amount of fees that the trustee needs to pay to Mr. Ross by about the $457. We're not appealing or we're not objecting to the award of fees or the approval of Mr. Ross's fees. That's not what we're necessarily objecting to. We're objecting to the plan and the unsecured creditors essentially subsidizing Mr. Ross's fees that exceed the best interest of creditors test. So it's a modification in the sense that it reduces the pool of funds from the unsecured creditors, I should say the non-priority unsecured creditors. It's a dollar-by-dollar reduction. And so therefore, that is a plan modification. And so the way to avoid violating the 1325A4 would be simply to truncate the amount of fees that are awarded to Mr. Ross by the $457. I think that's really, counsel, I think that's a really long way of answering my question by saying yes. Isn't it? I just want to make sure I answered your question. I know, but it's bankruptcy, and you have to do this in short sentences for me. And I want to make sure that I'm understanding. I mean, in fairness, it does seem to me that that's correct, isn't it? And that's what Judge Lee has been trying to ask about. The bankruptcy court had discretion. If we do nothing, right? If you hadn't come to the Ninth Circuit, all else being equal, the case was remanded for the bankruptcy court to decide that question. And he's got discretion to do that, right? Well, yeah, I guess in a sense, the judge might have discretion, but I think he has to act within the bounds of that discretion. I think that the bankruptcy judge, he might ultimately, I think if he does something that Mr. Ross and I are simply thinking that would happen on remand to the bankruptcy court if this appeal didn't happen, I think we kind of think about the same thing as the same result, as that the award would just be truncated. So I think the bankruptcy judge really all has to do is just a computational task. In essence, when we appeal to the district court, I frankly, I may have erred in the sense of asking the case to be remanded instead of just asking the district court to amend the judgment pursuant to 28 U.S.C. 2106, which is something that I think this court can do as well in this instance. Because even though there was a modification, I don't think the facts are so much in dispute, the numbers are rather fixed, and it's a computational task at the end of the day, and that the plan should not pay out all of the fees awarded to Mr. Ross, they should pay out all but $457. Thank you. Hang on one second. Sorry, Madam Clerk, do you have a problem with the time? Or is it correct? Okay, all right. Go right ahead. So as far as this court having jurisdiction, I do believe this court has jurisdiction. As far as the district court having jurisdiction, I understand that the appellants argue that district court didn't have jurisdiction as the awarding the fees was not a final order, and the debtors argue that it's somehow their application was an interim order, but they only do that on appeal to the Ninth Circuit. They never take the position that it's an interim appeal, or interim request for fees down below. And it is final in the sense that it does change things. If the trustee has to send out money, she can't really go back and get that money at the end of the case. And it's not like the judge goes up to the end of the case too and says, okay, this is our final fee award at the final part of the case. So fee applications, they do, bankruptcy courts do have these little minor disputes within them that allow it to become final and appeal even though the case lingers on. And so I think that the district court's decision down below was final. And then the other questions that we have in this case is if you were to do- Sorry, sorry, sorry, can you just flesh that out a bit? You think the district court's decision was below because it finally resolved what exactly? How would you answer that? The bankruptcy court's decision below was considered a final- Oh, I did it again. I meant bankruptcy, sorry. I'm trying to get you to complete your sentence, sir. You think it was the final resolution of what exactly? You know, your briefing does this too. Can you just tell me what you think the final resolution of what exactly? The amount of fees awarded to Mr. Ross. So, yes, but see that? That implies, again, that there's no discretion. What do you mean? That the judge can't go back and decide that Mr. Ross was awarded too many fees? Yes. We can't go back to the judge and tell the judge a year later and say, hey, you should take some of these fees from Mr. Ross away for whatever reason. I don't think we have the ability to do that because we didn't appeal the fee award. I think that's the final thing. Otherwise, there's really no finality as these reorganizations progress because we could always go back in month 59 or month 60 and say, judge, you know, at the end of the day, you kind of awarded this guy too many fees. You should take it back. When those issues kind of happen at the time the fee applications are requested and adjudicated at that time, not several months or even years after the fact. So, it is final in the sense that it is appealable. And my brief does cite those decisions that allow that to happen. I think you stepped away from the microphone or something. So, I heard the last thing. I didn't hear the last thing that you said. My brief does cite those cases that allows that to happen as far as the final order and whatnot, where the district court is final. And I think that starts on page 11 of my brief. And that's where, you know, we talked about Bullard versus Blue Hills Bank and, you know, the Bank of New York versus Watt that allows a bankruptcy. The rules are somewhat relaxed and appeals are permitted only when there's final judgment, but also from orders that finally dispose of discrete issues within the larger context of the case. And in this instance, a fee order is a discrete order that does, you know, it is a discrete dispute within the larger context of the bankruptcy case. So, in essence, you know, it is a final order that is appealable up to the district court. Does that answer your question? Yes, I think you've answered it both ways now though, but I don't know what your position is on whether there's discretion or remaining in the order. And a minute ago, I heard your answer and then I said, I think that's a long way of saying, yes, there was discretion. And now it seems like you're not so sure about that. Well, I don't understand exactly what you're talking about when you asked if the bankruptcy judge has discretion upon remand. If the bankruptcy judge has discretion to revisit whether or not there was a plan modification, then probably I think he does at the end of the day. However, I think the facts are pretty clear that it is a plan modification. And I think with the direction from the district court, the bankruptcy court would find that it is a plan modification. And then whether or not the district court- It seems a little bit not quite right to me because based on the district court's order, I think the bankruptcy court would have to say that what it did was a modification because the district court said so. And unless we change that decision, that stands. The question is whether, I mean, the bankruptcy acted with the understanding that it was not a modification. So the question is, if they're told that they, if the bankruptcy court is told it was wrong on that question of law, would it do something different? And I mean, that's the discretionary point. If the bankruptcy court is corrected and told you had a misunderstanding of the law here, this is a modification, would the bankruptcy court do something different? Would the bankruptcy court, in light of the district court's order, have the discretion, the judgment, to do something different than it did with a corrected understanding of the law? I guess at the end of the day, yes, the judge would have that discretion to revisit whether or not Mr. Ross was entitled to, the plan was to pay Mr. Ross those fees. And so if that's true, how is it just a ministerial task for the bankruptcy court to do what the district court is asking it to do? Because the trustee has taken the position   And so if that's true, how is it just a ministerial task to pay all the $457 of the fees awarded to Mr. Ross? We're not otherwise appealing or objecting that Mr. Ross should not be paid up to all those fees that he was awarded. It's just that 457 should not be paid to Mr. Ross at this time because it violates the best interest of the creditor's test. So in essence, I think that the bankruptcy court would just modify his order that reduces the amount of fees. And I think there's that discretion there. And that's why I think, granted the judge does have discretion to act within that, but we anticipate that the judge would act within the bounds of discretion and the bounds of the issue that we're arguing. It sounds like what you're anticipating, you are framing it as an on-off switch. I mean, I hear you saying now that he would have discretion to award less, but you're only contesting a certain amount. So in that way, once the district court has corrected the error, what the district court thinks is an error about what is or is not a modification, then on remand it is ministerial, right? So you're only asking for an on-off switch to the tune of a certain specified amount. Is that right? Sure. Okay, thank you. Well, I mean, I'm not, the on-off switch kind of throws me off a little bit, but yeah. All right, but I mean, it's not a sliding scale. That's why I think the word discretion is what's maybe confusing the issue, but we're using that term, of course, because we're trying to dive into a jurisdictional issue. And I think you might be reading it as a sliding scale as far as the fee is concerned, but be that as it may, I think you have answered the question at this point. I interrupted, though. Is there more that you wanted to say on that point? Not necessarily on the point of jurisdiction, no. I would just go more or less to the point of, you know, the best interest of the creditor's test and how that falls down, or how that plays out as, you know, essentially to determine whether or not a best interest of the creditor's test is met when you modify a plan. You look at what the plan disperses to each particular creditor, or each particular unsecured creditor, and then you compare as to what that particular unsecured creditor would receive had the plan been, or the estate been liquidated under Chapter 7 at confirmation. Counsel, based on your briefing, I understood the parties to disagree about how the fee claim is treated in analyzing the best interest of creditor's test. You know, this whole question about the Chapter 7 hypothetical and how you actually do that in this context. Are you now saying you don't dispute how that test is applied, and because of the district court's decision, you're just gonna go with the 3.1% that the district court said? Well, I would go with the 3.1% because I think that's accurate. We still dispute, I think, at the end of the day, what is necessary for the liquidation analysis, and it's really discreet because I think the debtors take two positions that are different than the trustee. One is that the liquidation analysis is redetermined, or say that the liquidation amount is redetermined at the time the plan is modified, whereas the trustee disputes that. Additionally, the debtors take the position that the liquidation amount should include in expenses, in hypothetical expenses that the Chapter 7 trustee would disperse the Chapter 13 debtors' fees as an administrative expense in the hypothetical Chapter 7, and the trustee does not take that position because she doesn't believe it's right for the debtors' attorneys, essentially, to consume the funds that would otherwise be earmarked. Okay, so you've described the dispute, which is consistent with my understanding from the briefing. What is not clear to me is, on remand, is that dispute still alive? For the district court, no. On remand back to the bankruptcy court, are the parties still talking about that dispute, or do you think that that's been resolved and there's no, that you can't keep arguing that point? I think that's been resolved by the district court, and we can't keep arguing that. I think the district court made that clear. Unless this court reverses the district court on that front, I think that's clear, and I think that's one of the issues that the debtors are appealing to this court. I don't think the court should adopt the debtors' position on that. Okay. Does that answer your question, Judge? It does, thank you. All right. You know, and I wanna say, you know, this isn't about Mr. Ross and Mr. Ross's fees. It's essentially about the unsecured creditors having to subsidize the debtors' legal costs, and I think if we just throw away that limit, that 1325A4 limit on that, then essentially, the debtors really, there's really not much to curtail their positions when they make legal decisions. Essentially, they get all of it subsidized, and so they can take other legal positions that, you know, might not necessarily be the smartest legal position to take if they would otherwise have to pay for it, and here, because the unsecured creditors are otherwise paying for it, the debtors, they could depose the trustee in any way possible, and so, or in any way reasonable, and so in essence, I think that 1325A4 kind of limits the debtors' ability to use up all of their non-exempt equity to pay for their creditor, or to pay for their attorney, and with that, Your Honors, I rest my case. Ms. Ross, you have a few minutes left. Go ahead. Thank you, Your Honor. I think Mr. Kaufman and I, I think we've briefed the issues well. I think the court legitimately has the questions in the briefing before it. It's just some of the nuance that sometimes is hard, and we're trying to- Can I just jump in there? Would you answer the last question that I asked your friend on the other side? Do you think this dispute about how to calculate the best interest of creditors test is still alive on remand back to the bankruptcy court, or has that been settled? I think the district court answered that question, and has completed that discussion, and I believe it's incorrectly ruled. Okay. But I don't believe, stepping back, so the discretionary issue about my fees, and just the fee application, the total amount is not appealed, and I don't believe that's a question. It's the question about if some of it violates the best interest of creditors test. And so it's not a reduction of my fee application, it's whether or not some of it should be held, in essence, in abeyance, until additional funds come into the bankruptcy case to pay that difference. It isn't to reduce the fee application. It's simply to hold and make sure that the 3.1 percentage is met before, and then if additional funds came in, that that would be available to pay my priority fees. And so I hope that helps clarify that a little bit, is that it's not reducing. And I think the district court's decision is written in such a way that it's, I mean, we can argue it's discretionary, but I don't think there's a whole lot of room for the bankruptcy court to be wiggling. I think your clarification, and I say that jointly, it's been very helpful, at least to me, to understand the part of this is not to dispute it, and that's why I'm now calling this an on-off switch. But I do think we're using the word discretionary a little differently than you are, and that might have been the source of the confusion. You have another minute and a half, sir. Do you have any closing remarks you'd like to make? Thank you, Your Honor. The ultimate rub comes to whether or not, I think this is part of the confusion, the bankruptcy code is not entirely clear, but what happens when we're considering the best interest of creditors test? Is it from, if it was the case was originally filed as a Chapter 7 case, then generally speaking, the Lamey decision says that debtors counsel get paid nothing. They don't get paid as part of the case. The problem is the best interest of creditors test is the effective date of the plan, which in the Ninth Circuit and Supreme Court, that's the date of confirmation, unless it's otherwise designated. So the question is then, is how do we do that calculation on that date? Do we view it as an originally filed Chapter 7, or do we view it as, in essence, a converted case on that date? So if that case went to a Chapter 7, then how would we treat those fees? I think that's really the rub of the case, because in a case converted to Chapter 7, my fees would be paid in full. There isn't a dispute there. Now that we're still in the 13, and my fees are being paid, but we have this test out there that somehow, according to the trustee, is different than the Chapter 7 on the effective date of the plan. So I'd ask the court to vacate the district court and to find that neither decision was final, and in essence, send us back to bankruptcy land. Thank you. Thank you. Any further questions? Nope, it looks like we're all done. Thank you both so much for your argument and for your patience with us. Your clarifications were very helpful. And we'll take that case under advisement and hear the next case on the calendar, which is 22- Thank you. Thank you.
judges: CHRISTEN, LEE, FORREST